## HATHORN *a.* HALL.

*Supreme Court, First District ; Special Term, February,* 1857.

### ARREST.—AFFIDAVIT.—DISCHARGE.

Where an order of arrest is granted on plaintiff's own affidavit, and a discharge is moved for solely on the original papers, the affidavit of plaintiff, being uncontradicted, is to be taken as true; but it is to be strictly construed against plaintiff.

Defendant discharged from arrest; on the ground that the allegations of the plaintiff's affidavit, on which alone the arrest was ordered, were insufficient to establish an intent on the part of defendant to defraud his creditors.

Motion to discharge defendant from arrest.

The arrest of the defendant in this case was made pursuant to the act to abolish imprisonment for debt and to punish fraudulent

debtors, passed April 26, 1831; and the warrant was allowed upon the ground that the defendant was about to remove his property out of the jurisdiction of the court, with intent to defraud his creditors; and also, that he was about to dispose of his property with like intent.

The plaintiff was a creditor of the defendant upon a note.

The evidence of the fraudulent intent charged was contained solely in the plaintiff's own affidavit; in which he stated the following facts:—

That he believed defendant was about both to remove his property and to dispose of it with intent to defraud, &c.

That defendant made an appointment to meet plaintiff on February 19, 1857, which he did not keep.

That defendant evaded plaintiff from that day until the 23d of February.

That when, on the 23d, the defendant had an interview with plaintiff, he refused to pay the note, and said he never meant to pay it; admitted that he had property in stocks, amounting, at their par value, to $75,000 or $80,000, but refused to transfer any of them to plaintiff as collateral security for the debt.

That he spoke to plaintiff about selling his horses and carriages, and retiring, with his wife, from all active business; and said that the sale of said property was already advertised.

That defendant declined to confess a judgment for the claim, and said that it would take plaintiff twenty days to obtain judgment.

That defendant admitted to plaintiff his obligation to pay, but said he did not intend to pay, and that plaintiff had no prospect of getting his pay.

And plaintiff stated his fear that, before the time for his taking judgment, the defendant would have made such disposal of his property as to prevent the plaintiff from collecting his debt.

PEABODY, J.—The affidavit, on which alone the *arrest* was ordered, contains plaintiff's statement of his own case; and as defendant moves on plaintiff's papers alone, these statements are not contradicted, and are to be taken as true. As the statements are made by him, however, in his own language and manner, and in his own behalf, they are to be taken as made in the manner most favorable to himself that the facts would permit; and, therefore, are to be construed strictly against him.

Construing them in this manner, do they afford to a reasonable mind satisfactory evidence that defendant is about to remove his property out of the jurisdiction of this court, or to dispose of it, with intent to defraud his creditors? All that plaintiff states on the subject is derived, he says, from declarations made by defendant, in conversation. Are these statements inconsistent with any other intent than that imputed to defendant? If they are so, plaintiff's case is made out. If not, he has failed to make it out.

The defendant refused to pay—said he never intended to pay—that he had property, which he refused to transfer as collateral to the debt. He spoke about selling his horses and carriages, and said they were advertised for sale—declined to confess a judgment—said it would take plaintiff twenty days to get it—said he did not intend to pay, and that plaintiff had no prospect of getting it. He admitted his obligation to pay.

These things we must assume that he said. He probably said much more also, which plaintiff does not deem it necessary to state; and these things he said, not at any one time, that we know of, but, perhaps, at many different times. Not in the order and connection in which they are here stated, perhaps; nor are we informed under what circumstances, or in what connection any one or more of these admissions was made. All we know is, that in some conversation, at some time or other, defendant stated some one or more of the facts above narrated; and that in the conversations he has had with plaintiff, from first to last, looking them all through, are to be found, among others, all the declarations here imputed to him. Now, must the man who could have uttered these things have intended to remove or dispose of his property for the purpose of defrauding his creditors? Whether he is rich or poor—embarrassed, or free from embarrassment, able or unable to pay his debts—does not appear. He has property, it is said; but its actual value, and whether of any value, and whether unembarrassed and in his own possession, or pledged for debts with others, or in any way held adversely by them—does not appear.

I do not perceive any considerable tendency in this evidence to establish the intent imputed to defendant. It may tend to establish other facts respecting him, not creditable to the strength of his moral sense; though I think that, properly scrutinized, it

does but little towards even that; but if it does tend to, or does show him not a highly honest man, it does not necessarily show, or tend strongly to show the intent which constitutes the gravamen of the charge here.

I do not think, therefore, that plaintiff has established, by evidence, the intent he supposes defendant to entertain, and there is so little tendency towards that end in this evidence, and there are so many other modes of interpretation applicable to his statements, quite as consistent with the ordinary motives of men in such cases, that I am not inclined to enter at large upon a consideration even of those which most naturally suggest themselves.

The defendant must be discharged, and he is entitled to costs of this motion.