# NEW YORK COMMON PLEAS.

## Lovell agt. Martin.

Where a motion to vacate an order of *arrest* is made and *denied*, it cannot be *renewed* on any state of facts, without *leave of the court*.

*New York Special Term, May*, 1861.

Motion to vacate order of arrest.

Brady, J.   The defendant made a motion to discharge the order of arrest in this case on the affidavits only on which the order of arrest was granted.   He now moves, that motion having been denied, to discharge the order on affidavits on his own behalf and without any previous application for leave to renew the motion.   The plaintiff objects that the first motion is decisive, and that the defendant's remedy is by appeal and by that mode only.   I have not been able to find any case decisive of the question, or any in which the question was considered.   I think it beyond reasonable doubt, however, that the second motion cannot be made without leave, no matter upon what state of facts such leave may be given.   The defendant may serve affidavits if he choose to do so in the first instance, and urge on the motion the insufficiency of the original affidavits. If they are sufficiently strengthened by counter affidavits the defect is cured, otherwise it is available of course.   By predicating the motion on the plaintiff's affidavits the defendant admits them to be true, as stated in *Hatborn* agt. *Hall* (4 *Abb.* 227), and cannot be permitted without good cause shown to deny them.   Several motions for the same relief are not contemplated by the Code and are not tolerated by the general practice of the courts.   When a motion is renewed, it is upon new facts discovered since the motion was made or subsequently arising.   For these reasons and for the purpose of conforming this practice to the general

proceedings on motions, I think this application should be denied, but without costs and without prejudice to the defendant's right to ask leave to renew the motion to discharge order of arrest.