## SUPREME COURT.

ALBERT M. SHERMAN agt. GEORGE W. SMITH and GEORGE M. SMITH.

Where one *partner* procures, by false and fraudulent representations, an *indorse-ment*, without the knowledge of the other partner, but such representations were professedly made on behalf of the firm, and the indorsement which was pro-cured by their means, was made on the obligation of the firm, and the firm had the benefit of it in its business, *both partners* may be *arrested* for the fraud.

*Erie Special Term, March,* 1871.

THIS is a motion on behalf of George M. Smith, one of the defendants, to vacate an order of arrest.

BOOLY and FOWLER, *for plaintiff.*

A. HAZELTINE, Jr., *for defendant.*

DANIELS, J.—The order was made on the ground, that the defendant had fraudulently procured the plaintiff's indorse-ment. The representations claimed to be fraudulent, were made by the other defendant without the knowledge of the defendant on whose behalf the motion is made. But the defendants were partners at the time of the making of such representations, and they were professedly made on behalf of the firm and the indorsement which was procured by their means, was made on the obligation of the firm, and the firm had the benefit of it in its business. The cases of the *Hanover Co.* agt. *Sheldon* (9 *Abb.,* 240), and *Woodruff* agt. *Valentine* (19 *Abb.,* 93), held, that such facts were not sufficient to warrant the arrest of the copartner not actually engaged in the fraud. The decision in the first of these cases is very much shaken in its authority by the fact that the learned judge

who delivered the opinion on which it was made, had previously delivered another, directly in conflict with it (6 *Abb.*, 319-20, *note*). This case sustained the liability of the partner, not actually engaged in the perpetration of the fraud, to arrest, for the act of his copartner, for the reason that in the course of the business of the firm, each partner is to be regarded as the agent of all the other members of the firm. This principle is an elementary one and it would deem to warrant that conclusion. COLLYER says : " Partners like individuals, are respontible for the negligence of their servants upon the maxim of *qui facit per alium facit, per se.* And if one of the partners acts, he is considered in this instance as the servant of the rest" (*Collyer on Part's.* § 457). And there can be no reason why it should not be as applicable to cases of fraud as it is said to be, to that of negligence. Such in fact, appears to have been the view taken of its effect where the principal has been held liable for the legal results of the fraud of his agent, though perpetrated without his knowledge, but in the course of the transaction of his business. Hence, it has been repeatedly held, that so long as the principal, " retains the benefit of the dealing, he cannot claim immunity on the ground that the fraud was committed by his agent not by himself (*Bennett* agt. *Judson*, 21 *N. Y.*, 238, ; *Crans* agt. *Hunter*, 28 *N. Y.*, 389, 393 ; *Elwell* agt. *Chamberlain*, 31 *N. Y.*, 611, 619).

As that liability cannot be avoided while the principal holds the fruit of his agent's fraud, for the same reason it should not be allowed to be done by a co-partner, who may have been originally innocent of his partner's fraud, so long as the firm is permitted to profit by the result of the wrong, as it did in this case, by having the benefit of the plaintiff's endorsement, in the business carried on by both the defendants (*Mitchell* agt. *Roberts*, 4 *Hill*, 13, 15 ; *Holbrook* agt. *Wight*, 24 *Wend.*, 169, 178 ; *Griswold* agt. *Haven*, 25 *N. Y.* 595 ; *Chester* agt. *Dickerson*, 52 *Barb.*, 349, 60—61). And in *Bank of the Commonwealth* agt. *Temple* (39 *How.* 432),

it was assumed by the prevailing opinion, that a partner sustaining such a relation to the fraudulent act of his co-partner could be lawfully arrested, and held to bail in an action brought for the recovery of the damages resulting from the fraud. The principle of these authorities clearly sustain the order made in this case. And the motion must thefore be denied, with costs.