SETH B. STITT et al., Appellants, *v.* WILLIAM H. LITTLE et al., Respondents.

An action for fraudulent representations, as a general rule, cannot be maintained without proof that defendant believed, or had reason to believe, the representations to be untrue when made, and that they were made with fraudulent intent.

In an action to recover a sum paid by plaintiffs upon certain acceptances given by them for the accommodation of defendants, plaintiffs, to avoid the effect of a discharge in bankruptcy of defendant D., sought

to establish that the debt was fraudulently contracted. The alleged fraud was, that plaintiffs were induced to give the acceptances, which were to be and were secured by chattel mortgage, by means of false representations as to the amount of a "special indebtedness," so called, of defendants to another firm which they intended to secure also by chattel mortgage on the same property, defendants representing it to be but $10,000 whereas it was in fact $15,000. Such other mortgage was given securing all advances made, or to be made, to the amount of $25,000. This mortgage being first recorded absorbed the proceeds of the mortgaged property. Defendant D., who made the arrangement with plaintiffs, testified that he believed at the time that the amount of said "special indebtedness" was but $10,000; the other $5,000, as he supposed, being advanced on general account. The court charged, that if the representation claimed was made, was untrue, and plaintiffs relied upon it, gave the credit upon the faith of it and had been damaged, they were entitled to a verdict. Defendants' counsel excepted and asked the court to charge, that if defendants made the representation believing it to be true, plaintiffs could not recover; also that there must have been a guilty intent to defraud. The court refused so to charge. *Held,* error; that the evidence was sufficient to require the submission of the question of scienter and fraudulent intent to the jury.

(Argued December 2, 1875; decided December 14, 1875.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Sterne Chittenden* for the appellants. The oral and written statements of the defendants were continuing representations to induce a series of acceptances on an open loan, and the renewals were given on the faith of their truth. (*Zabriskie* v. *Smith,* 13 N. Y., 322, 332; *Chester* v. *Dickenson,* 52 Barb., 350, 360.) The court was right in refusing to charge that if the representations were made by defendants, believing them to be true, that they were not a fraud for which plaintiff could recover. (3 Wall., 196; 11 Barb., 241, 248; 2 Pet., 625; *Hamilton* v. *Russell,* 1 Cranch, 97; *Griswold* v. *Haven,* 25 N. Y., 595; *Jeffrey* v. *Bigelow,* 13 Wend., 518; *Craig* v.

*Ward,* 3 Keyes, 387, 393 ; *Milne* v. *Marwood,* 80 E. C. L., 778.) Plaintiffs were not bound to ascertain from other sources whether defendants' representations were true. (*Mead* v. *Bunn,* 32 N. Y., 275 ; *Blossom* v. *Barrett,* 37 id., 436 ; *Dobell* v. *Stevens,* 3 B. & C., 625 ; *Sprye* v. *Reynell,* 50 Eng. Ch. R., 709, 710.)

*Joshua M. Van Cott* for the respondents. In an action for deceit the intent is of the very essence of the definition of fraud. (*Pasley* v. *Freeman,* 2 Steph. N. P., 1286 ; *Robinson* v. *Flint,* 58 Barb., 100, 138 ; *Hoe* v. *Sanborn,* 21 N. Y., 552.) Actions for false and fraudulent representations rest on the ground that the affirmations were known to be false and were made with intent to deceive. (*Pasley* v. *Freeman,* 3 T. R., 51 ; S. C., 2 Smith's L. Cas. [7th Am. ed.], 92, and notes ; *Lord* v. *Goddard,* 13 How. [U. S.], 211 ; *Allen* v. *Addington,* 11 Wend., 375 ; *Marsh* v. *Falker,* 40 N. Y., 562 ; Add. on Torts, 830 ; *Lefler* v. *Field,* 52 N. Y., 622 ; *McCracken* v. *Cholwell,* 8 id., 133 ; *Hazard* v. *Irwin,* 18 Pick., 95, 109 ; Smith on Cont., 152, Am. notes.)

RAPALLO, J. This action was brought to recover of the defendants the sum of $10,000, which had been paid by the plaintiffs upon certain acceptances which they had given for the accommodation of the defendants.

In order to avoid the operation upon this debt of a discharge in bankruptcy, which had been obtained by the defendant Dana, the plaintiffs sought to establish that the debt had been fraudulently contracted. (§ 33 of Bankrupt Act.)

The allegations of fraud in the complaint are very general ; but on the trial the controversy was narrowed down to the inquiry whether the defendants had induced the plaintiffs to give their acceptances by means of false representations respecting the amount of what was called a special indebtedness of the defendants to the firm of Richards & Collins, intended to be secured by a mortgage upon certain chattels, which were also to be mortgaged to the plaintiffs to secure the acceptances given by them.

The leading facts established by the evidence were : That the defendants were the proprietors of a manufactory of woolen goods in New Jersey. That the plaintiffs were their factors in Philadelphia for the sale of their products there, making advances on consignments; and the firm of Richards & Collins were their factors for the like purpose in New York. That each of these factor firms, in addition to the advances made by them on consignments, extended to the defendants a credit of $10,000, in the shape of accommodation acceptances, which were unsecured, and were renewed from time to time during several years. This dealing was known to all the parties, and the $10,000 advance of acceptances by each of the factor firms was called, among them, "special" or "special account." In the spring of 1866, the plaintiffs being in advance on their general account, resulting from advances on consignments, to a considerable sum, in·addition to the liability which they had assumed on this "special" account for accommodation acceptances, demanded, as a condition for renewing these acceptances, that the defendants should give them security to indemnify them against such acceptances. Negotiations ensued, during which the defendants took the position that if they gave security to the plaintiffs, they should do the same with Richards & Collins. This was assented to by the plaintiffs, and the security proposed to both of the factor firms was a chattel mortgage to each of them upon the machinery in the defendants' woolen mills, accompanied with a condition that, except in certain contingencies, the plaintiffs should not put the mortgage on record, lest it might impair the credit of the defendants. A chattel mortgage was accordingly given by defendants to the plaintiffs, upon the faith of which they allege that they renewed their acceptances.

The plaintiffs claim to have proved upon the trial that, in the course of these negotiations for security, the defendants represented that their indebtedness to Richards & Collins, on what was called special account, was only $10,000, whereas at the time of that representation it had been largely

increased, especially by an advance of $5,000 made by Richards & Collins in March, 1866, before the mortgage to the plaintiffs was given, and that when the defendants subsequently gave their mortgage to Richards & Collins it purported to secure not only the original $10,000 of special, but also this further advance of $5,000, and other advances made and to be made, amounting in the aggregate to $25,000. That, in pursuance of this understanding with the defendants, they had refrained from recording or filing their mortgage, and, in violation of such understanding, that given to Richards & Collins was first recorded, and gained precedence, and became a prior lien to the extent of $25,000, and ultimately absorbed the whole proceeds of the mortgaged property, to the entire exclusion of the plaintiffs, resulting in the total loss of the amount due them.

In charging the jury, the learned judge who presided at the trial did not submit to them any other questions than those arising upon the alleged representation, made before the execution of either of the mortgages, as to the amount of the indebtedness of the defendants to Richards & Collins on what was called special account. As the case upon the part of the plaintiffs was framed, this was apparently the only point upon which a verdict based upon false representations could rest. The other representations appear to have been promissory in their character, relating to the future, and not to existing facts. The learned judge therefore confined himself, in his charge to the jury, to instructing them that if the representation that the indebtedness of the defendants to Richards & Collins, on special account, was only $10,000, was made and was untrue, and the plaintiffs relied upon it, and gave the credit upon the faith of it, and had been thereby damaged, they were entitled to a verdict.

This charge omitted the element usually necessary to sustain an action for fraudulent representations, viz.; that the representation was known by the party making it to be false, and was made with intent to deceive. The counsel for the defendants excepted to the charge as given, and requested

the court to charge, that if the defendants made the representation believing it to be true, it was not a fraud for which the plaintiff could recover; also, that there must be a guilty intent of the parties to cheat or defraud to entitle the plaintiffs to a verdict. That if the representation was made in good faith, it was not a fraud.

These requests were refused, and exceptions duly taken to the refusals.

A verdict having been rendered in favor of the plaintiffs, and judgment entered thereon, an appeal was taken to the General Term, which reversed the judgment on the exceptions, and ordered a new trial.

In the cases of *Meyer* v. *Amidon* (45 N. Y., 169), and *Oberlander* v. *Spiess* (id., 175), the general rule was recognized, that an action for fraudulent representations cannot be maintained without proof that the defendant believed, or had reason to believe, at the time when he made the representations, that they were false, and, consequently, that they were fraudulently made. In both of those cases the referee had found that the representations were false, and that the plaintiff had been induced by them to contract, and had sustained damages, but did not find any actual fraudulent intent, or that the defendants were aware of the untruth of the representations. In one of the cases the referee had refused to pass upon those questions specifically, and in the other he had rejected evidence bearing upon them; and the judgments were reversed on those grounds.

In the present case, the counsel for the appellants contends that the judge properly declined to submit to the jury the question of the belief of the defendants in the truth of the representations, and the question of fraudulent intent, for the reason that, from the nature of the case, the representation being one concerning their own indebtedness, the defendants must, necessarily, have known the falsity of the representations.

Assuming that a case may be supposed in which it would be proper to take the questions of scienter and fraudulent

intent from the jury, we are of opinion that the evidence in the present case was not sufficiently clear and conclusive to justify that course.

The defendant Dana, in his testimony, denies that he made the representation alleged, but says that if he did, it was true. That he understood the advance made in March, of $5,000, to be on general account, and not on special. That up to that time defendants had no idea of the special being more than $10,000. That he, Dana, made the arrangement for the advance in March, and not Mr. Little. That Mr. Little had been absent some time when this advance was made, etc.

No question was submitted to the jury as to any representation concerning the amount for which a mortgage was to be given to Richards & Collins, further than the representation as to the special account; and, from the charge of the judge, it seems that that was regarded as the only representation of an existing fact upon which a recovery could be had.

We cannot say that it was impossible that the defendants should have understood that the advances in excess of the $10,000 were on general account, and not on special. As events turned out, the distinction was, perhaps, not material, the whole amount due and to become due to Richards & Collins, on all accounts, having been secured by the mortgage given to them, and having become a lien prior to that of the plaintiffs, on the mortgaged property, and the plaintiffs having been lulled into omitting to record their mortgage. But the case was not submitted to the jury on the question whether, on all the facts, a fraudulent contrivance to defraud the plaintiffs was established. The single ground on which the verdict rests is, the representation as to the amount of the indebtedness on special account at the time the representation was made. As it is not impossible that the defendants may have understood that such special account embraced only the original $10,000, and that the excess was on general account, to be covered by consignments, and reduced from time to time, as they testify, the refusal to submit to the jury the question of scienter and

fraudulent intent was erroneous. We, must, therefore, affirm the order of the General Term granting a new trial; and, as a consequence, order judgment absolute against the plaintiffs, in pursuance of their stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.