By the Court.—Sanford, J.
The facts stated in the complaint and in the affidavit of the plaintiff, upon which the order of arrest was granted, are, for the purposes of the present appeal, to be taken as true. If the affidavits upon which the defendants obtained their order to show cause controverted such facts, which does not appear from the record, the waiver and withdrawal of those 'affidavits is tantamount to an express admission of the allegations of the complaint and of the statements contained in the plaintiff’s affidavit (Hathorn v. Hall, 4 Abb. Pr. 227 ; Lowell v. Martin, 21 How. Pr. 238). It clearly appears from the plaintiff’s affidavit, as well as from the complaint, that the goods for the value whereof a recovery is sought were sold, and that credit was given therefor to the defendants, in reliance upon false statements made by the defendant Solomon Herman in regard to the solvency and pecuniary resources of the defendants’ firm, and that such statements were made for the purpose of obtaining such credit. Such statements are alleged to have been made with the intent to cheat and defraud the plaintiff, and their falsity is declared to have been known to the defendant, Solomon Herman, when he made them. These averments would be sufficient to sustain an action on the case for fraud and deceit (Still v. Little, 63 N. Y. 427), and uncontroverted, they show that the debt for which the present action is brought was fraudulently contracted. If the defendants’ guilty purpose were i-n issue, the fact of their failure within a month after their last purchase from the plaintiff was made, with but a small stock of goods on hand, and with assets scarcely exceeding *147 one-third of their liabilities, would tend strongly to induce the inference that they must have known, or at least must have had ample reason to believe, that they were hopelessly insolvent when the representations were made, on the faith of which a credit was given them. For the fraud thus perpetrated, the individual partner by whom the false representations were made, if not both, who profited by it (Sherman v. Smith, and cases cited, 42 How. Pr. 198), could lawfully be arrested and held to bail.
The refusal of the judge to permit the motion to be renewed was discretionary, and his discretion was wisely and properly exercised. There was nothing before him to excuse or explain the action of the defendants’ attorney, in deliberately and unqualifiedly waiving the affidavits on which he had obtained his order, and in relying solely upon the papers upon which the order of arrest was granted. The affidavits were in his possession, and his election not to use them cannot be ascribed to inadvertence or mistake. The application to renew should have been founded upon some meritorious basis.
The order appealed from must be affirmed with costs ; but, inasmuch as some satisfactory explanation or excuse may be offered for the withdrawal of the affidavits upon which the order to show cause was granted, the defendants, upon payment of the costs of the motion, and of this appeal, may apply at special term, upon proper papers, for leave to renew their application in such manner and upon such terms as shall be just.
The order appealed from contains no provision with respect to the separate statement of the several sales, alleged in the complaint. The question as to the propriety of such separate statement is not raised by this appeal.
Speir, J., concurred.