IDA LINDSAY, Respondent, v. JOHN MULQUEEN, APPELLANT.

26h 485
53ad347

*Fraudulent representations — when an action based thereon is for a tort, and when on contract.*

Where an action is brought to recover the damages sustained by the purchaser of an article, which the seller warranted and represented to be of a certain quality when he knew that it was in fact of an inferior quality, the determination of the question whether the action is for a tort or upon a contract depends upon the presence or absence in the pleadings of an allegation that the false representation was made with an intent to cheat or deceive the purchaser.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The complaint alleged, among other things:

"*First.* That at the city of Brooklyn, Kings county, on or about the 3d day of March, 1880, the defendant offered to sell the plaintiff for sixty-six dollars, to be paid to him by this plaintiff, sixty-six yards of carpet, which said carpet plaintiff warranted and fraudulently represented to be a first-class imported English body Brussels carpet and made of all wool.

"*Second.* That the plaintiff, relying on said warranty and representations and believing the same to be true, was induced thereby to purchase, and did purchase the same from the defendant and paid him therefor said sum of sixty-six dollars.

"*Third.* That in truth and in fact said carpet so sold as aforesaid was not a first-class imported English body Brussels carpet made of all wool, as by the defendant warranted and represented, but the same was of a mixed texture known as jute and was a greatly inferior article, all of which the defendant knew at the time he made the fraudulent warranty and representations aforesaid."

The court decided that the action was on contract, and allowed the plaintiff to recover without any proof of fraud on the part of the defendant.

*James Troy,* for the appellant.

*Daniel B. Thompson,* for the respondent.

BARNARD, P. J.:

The complaint lacks a vital averment to make it one for fraud or deceit. It avers a warranty of a carpet to be English body Brussels all-wool carpet; that it was not such an one, but was partly jute, and that defendant knew it to be partly jute at the time of the warranty. It should have averred that the false representation was made with the intent to deceive. (*Stitt* v. *Little*, 63 N. Y., 427.) Knowledge that a fact which is stated to be true upon a sale is false, will sustain a complaint in which it is averred that the falsehood was told with intent to cheat. Where there are two actions for the same breach, the pleader should leave no room for question.

The complaint as it stands is a complete one upon a breach of contract of warranty. The words false and fraudulent have no significance in a pleading of themselves. A breach of warranty is actionable as a breach of contract only, even if the representation and its falsehood is averred to have been false and fraudulent. Scienter or knowledge of the falsity of the representation does not destroy the action upon contract. The true test of a pleading, whether it is for tort or contract, in such cases, depends upon the averment of an intent to cheat or deceive by the representations alleged to be false to the knowledge of the party making them.

The complaint in this case lacks this averment and was properly held to be contract only.

The judgment should therefore be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.