JOHN C. SHEEHAN, Appellant, *v.* SOLOMON S. CARVALHO and WILLIAM J. WARD, Respondents.

*A second motion for the same relief, based upon another ground — leave of the court must be obtained.*

The mere fact that two motions by which the same relief is sought are based on different grounds does not take such motions out of the general rule, that a party cannot make a second motion for the same relief without leave of the court.

Where a motion has been made to vacate an order to examine witnesses before trial, based upon the insufficiency of the papers upon which the order was made, a second motion, designed to procure the same result, but made upon the merits upon additional affidavits, cannot be made without leave of court.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, John C. Sheehan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of August, 1896, denying his motion to vacate an order for the examination of defendants' witnesses before the trial of the action.

*Charles Strauss*, for the appellant.

*James W. Gerard, Jr.*, for the respondents.

WILLIAMS, J.:

The action was brought to recover damages for an alleged libelous publication in the New York *World*. The answer alleged that the publications were true. The action was commenced in 1894. The order for the examination of the witnesses was granted *ex parte*, and was made June 30, 1896. The plaintiff made a motion at Special Term to vacate the order for the examination, on the ground of the insufficiency of the papers upon which it was granted, and upon the hearing of that motion, July 16, 1896, an order was made denying the motion, and directing the examination of the witnesses to proceed before the referee on a day therein designated.

Thereupon a second motion was made by the plaintiff upon the papers on which the order for the examination was made, and all the papers, pleadings and proceedings in the action, and upon additional affidavits served, to vacate and set aside the order for the

examination upon the merits, and the examination was stayed until the hearing and determination of the motion. This motion was opposed by the defendants upon additional affidavits, and was denied, the stay vacated, and the examination again ordered to proceed before the referee on a day therein specified. From this order the present appeal is taken. The ground of denial of this second motion, stated by the court in a brief memorandum, was that the motion had been once passed upon by the court before another justice; that no leave had been given to renew, and that the facts should have been placed before the court on the former motion. It was not claimed that leave to renew had been given by any order of the court entered in its minutes, but it *is* said that it is shown by the plaintiff's affidavit that the justice who decided the first motion stated upon the hearing that an independent motion could be made to vacate the order on the merits, no affidavits having been submitted controverting the allegations in the affidavits which were the basis of the order for the examination. This is disputed by the defendants in their affidavits. It was merely the expression of an opinion by that justice as to the practice, if he stated what is claimed. It did not legally constitute leave to renew the first motion or to make another motion. The order made and entered in the minutes can alone be considered in determining what the court did. Its action cannot be shown by, or determined upon, affidavits, nor even by the opinion or memorandum handed down by the justice presiding. If the order as entered was incorrect or defective, the remedy was by application to resettle it. Again, it is said the two motions were not the same, and the second one might be made after the first one had been denied, without any leave having been given by the court. This position, we think, is not well taken. The two motions were to procure precisely the same relief — the vacating of the same order for the examination of the same witnesses — but upon different grounds, the former for the insufficiency of the papers upon which the order was made, the latter upon the merits upon new affidavits served. We think that the mere fact that the grounds were different, the relief sought being the same, does not take the motions out of the general rule, that a party cannot make a second motion for the same relief without leave of the court. In *Lovell* v. *Martin* (21 How. Pr. 238) a motion to discharge an order

of arrest was first made upon the affidavits only on which the order was granted. The motion was denied. Another motion was then made for the same relief, but upon affidavits served; no leave to renew having been obtained, the second motion was denied for this reason with leave to apply for such leave to renew. It was said that the defendant should have presented all the grounds he had for the same relief upon the first motion.

In *Pattison* v. *Bacon* (12 Abb. Pr. 142) a motion to open a judgment and allow the defendant to come in and defend was first made upon the ground that the defendant had one defense; and the motion being denied, he made a second motion without leave, upon the ground that he had other defenses. It was held that the second motion was improperly made without the leave of the court; that the defendant should have raised all the questions he had on the first motion. In *Klumpp* v. *Gardner* (44 Hun, 515) a motion was made to have the complaint made more definite and certain, or for a bill of particulars as to one cause of action. This motion was denied. A second motion was then made without leave as to another cause of action in the complaint, and it was held that the second motion could not be made without leave; that the defendant should have asked for all the relief he sought on the first motion.

We are aware of no other decisions that seem to bear upon this question more directly than those we have here cited. A question of practice of considerable importance is here involved, and a precedent will be established by the decision of this appeal. We do not desire to recognize a rule that will tend to multiply motions where the courts are already overburdened. We think the better rule is that all questions involved in an application to set aside an order for the examination of witnesses before trial should be presented upon a single motion, and that no second motion like this one should be permitted to be made for the same relief upon different grounds, unless by express leave of the court. The plaintiff may have been misled to his disadvantage by the opinion expressed by the learned judge who heard this first motion; and, indeed, the judge may have refused or failed to grant leave to make the second motion, by reason of his opinion that such leave was unnecessary. The plaintiff should have an opportunity to be heard and to obtain such leave, if he presents a case that entitled him to it.

The order appealed from is, therefore, affirmed, with leave to plaintiff to apply at the Special Term for leave to renew his motion to vacate the order for the examination of these witnesses upon the same affidavits and such additional affidavits and papers as he may desire to present upon such application, with ten dollars costs and disbursements to the respondents to abide event.

RUMSEY, PATTERSON and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent from the conclusion at which the court has arrived in the case at bar. It is establishing a new practice which, so far as my observation goes, has never obtained, and which differs materially from that which has long prevailed under the Code in reference to motions respecting orders of arrest, orders of injunction and warrants of attachment. In those cases, although the language of the Code is that an application to discharge such provisional remedies may be made upon the papers or upon proof by affidavits by the defendants, it has uniformly been held that an application to discharge such order or warrant because of the insufficiency of the papers, did not preclude the making of a motion upon affidavits. The only authority to the contrary of this practice is the one cited in the opinion of the court (*Lovell* v. *Martin*, 21 How. Pr. 238), which was the case of an order of arrest. But this decision has never been followed; and the court has been so careful to guard the rights of the parties to move upon the papers, and if such motion is denied, then to move upon affidavits, that, although the language of the Code in all of the three instances except one would seem to indicate that one or the other method of procedure should be chosen, yet both motions have always been allowed as matter of right. In respect to orders of injunction, the Code (§ 627) expressly provides that both motions may be made. In respect to warrants of attachment and orders of arrest, the word "or" has been considered to mean "and;" and there seems to be no reason in regard to remedies of the character sought in this proceeding why a different rule should obtain from that which has long prevailed in reference to the provisional remedies mentioned.

I think, therefore, that the order appealed from should be reversed, and the motion should be heard upon its merits.

Order affirmed, with leave to plaintiff to apply at Special Term for leave to renew his motion to vacate the order for the examination of witnesses upon the same affidavits, and such additional affidavits and papers as he may desire to present upon such application, with ten dollars costs and disbursements to the respondents to abide event.