HAWKINS v. PAKAS.

(Supreme Court, Appellate Division, First Department.  November 24, 1899.)

ATTACHMENT—SECOND APPLICATION—MOTION TO VACATE.
    Under Code Civ. Proc. § 683, providing that an application to vacate an
    attachment may be founded on the papers on which the warrant was
    granted only, or on proof by affidavit, a defendant who has been defeated
    in his application to vacate an attachment on the papers may again move,
    without leave of court, on affidavits, to vacate the same.

Appeal from special term.

Attachment by William K. Hawkins against Solomon L. Pakas.
From an order vacating the attachment, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and O'BRIEN, JJ.

Omar Powell, for appellant.
Max D. Steuer, for respondent.

BARRETT, J.  The point presented by this appeal is whether
the defendant, who has been defeated in his application to vacate
an attachment upon the papers on which it was granted, may again
move, without leave of the court, upon affidavits, to vacate the
warrant.  It was held in the carefully considered case of Thal-
heimer v. Hays, 42 Hun, 93, that a defendant had that right under
section 683 of the Code of Civil Procedure.  We think that case
was well decided, and we can add nothing to its reasoning.  The
appellant contends that this court in Sheehan v. Carvalho, 12 App.
Div. 430, 42 N. Y. Supp. 222, took a different view of the rights of
interested parties under section 683.  This, however, is not the
fact.  Sheehan v. Carvalho was not an attachment case.  It was an
application to vacate an order to examine witnesses before trial.
What we held there was that in the ordinary proceedings attend-
ant upon the course of an action—where dual motions are not
specifically provided for—a party cannot move to vacate his adver-
sary's order for insufficiency of the papers upon which it was grant-
ed, and, when defeated, renew the motion upon affidavits without
leave of the court.  That undoubtedly is the general rule, but the
Code itself makes an exception in the case of the three provisional
remedies of injunction, arrest, and attachment.  In the case of an
injunction it is expressly provided that a denial of a motion found-
ed only upon the papers on which it was granted shall not prejudice
a subsequent motion upon affidavits.  Code Civ. Proc. § 628.  The
same precise language is not used in the case of orders of arrest
and warrants of attachment, but the substance is the same.  Id.
§§ 568, 683.  Dual motions are distinctly provided for in both in-
stances; and Justice Barker, in the case cited, gives good reasons
for a liberal construction of the option thus afforded to a defendant.

The order appealed from was right, and should be affirmed, with
$10 costs and disbursements.  All concur.