Madison Park Dev. Assoc. LLC v Febbraro (2018 NY Slip Op 02013)





Madison Park Dev. Assoc. LLC v Febbraro


2018 NY Slip Op 02013


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6072N 650613/14

[*1] Madison Park Development Associates LLC, Plaintiff-Respondent,
v
Judith Febbraro, et al., Defendants-Appellants, John Doe #1 through 10, Defendants.


The Kurland Group, New York (Yetta G. Kurland of counsel), for appellants.
Silverman Shin & Byrne PLLC, New York (Donald F. Schneider of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 20, 2015, which denied defendants Judith Febbraro, Gerald Magpily and Ellen Ackrish's motion for attorneys' fees, unanimously affirmed, with costs.
Defendants sought the same relief of attorneys' fees in two separate motions, albeit on different grounds, making the second motion essentially one for renewal (Sheehan v Carvalho, 12 AD 430, 431-432 [1st Dept 1896]). In the second motion, defendants asserted "new facts" in the form of an indemnification provision. However, they failed to identify the second motion as a renewal motion, or to provide any explanation as to why they did not make the indemnification provision argument in the first motion. We have previously held that Supreme Court lacks discretion to grant leave to renew "where the moving party omit[ted] a reasonable justification for failing to present the new facts on the original motion" (Hernandez v Nwaishienyi, 148 AD3d 684, 687 [1st Dept 2017], lv dismissed in part and denied in part 30 NY3d 1013 [2017]; see also Matter of Beiny [Weinberg], 132 AD2d 190, 209-210 [1st Dept 1987], lv dismissed 71 NY2d 994 [1988]). For this reason, Supreme Court should have refused to grant defendants leave to make the motion.
Even if the court had considered the evidence offered by defendants, it is not "unmistakably clear" from the language of the indemnification provision that the parties intended that plaintiff would indemnify defendants for legal fees incurred in connection with this defamation, fraud, and tortious interference action (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]; Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]). The defamation, fraud, and tortious interference claims against defendants did not "directly arise from" plaintiff's failure to complete the work, but rather from defendants' actions in their capacity as board members. Moreover, there is no evidence that the parties' intended this [*2]provision to be so broad as to force plaintiff to indemnify defendants for tort claims brought by plaintiff against defendants.
We have considered the remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK