FLOYD S. CORBIN, Appellant, v. CASINA LAND COMPANY and Others, Respondents.

*Injunction order — review of an order by a co-ordinate branch of the same court — renewal of a motion for an injunction, made on an amended complaint, regarded as a new application — security which may be demanded on granting it.*

Only unusual conditions, such as fraud or collusion, can justify a co-ordinate branch of the same court in reviewing an order already made by that court.
After the denial of a motion for an injunction in an action, an application for an injunction subsequently made upon an amended and supplemental complaint,

framed upon a different theory, raising new issues and demanding new relief, is to be regarded as an original application and not as a review of the order previously made.

An order, modifying an injunction order, by directing the plaintiff to file an undertaking conditioned to pay any indebtedness which may be found due to the defendants, either in the pending action or in any other action or proceeding in which the same may be determined, is too broad; it should be limited to any amount which was the subject of the controversy or any amount which arose out of, or was connected with, it.

APPEAL by the plaintiff, Floyd S. Corbin, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 24th day of August, 1897, modifying an injunction order theretofore granted in the action, and directing the plaintiff to file an undertaking conditioned to pay any indebtedness that may be found due to the defendants in the action, or in any other action or proceeding in which the same may be determined.

Also an appeal by the plaintiff, Floyd S. Corbin, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 31st day of August, 1897, enjoining the plaintiff from removing, selling, or in any way disposing of any sand upon the premises mentioned in the pleadings in the action during the pendency thereof.

Also an appeal by the plaintiff, Floyd S. Corbin, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 26th day of November, 1897, setting aside an injunction granted to the plaintiff in all respects except as the same had been modified.

*Roger M. Sherman*, for the appellant.

*W. W. Culver*, for the respondents.

HATCH, J.:

The papers upon which the plaintiff moved for and obtained the injunction which restrained the defendants from interference with his possession of the premises were essentially different from those upon which the first application for an injunction was made and

denied. The amended and supplemental complaint was framed upon a different theory; the issues raised thereby were changed, and the demand was for other and different relief. The papers presented in connection with this complaint contained new and different allegations; the facts were stated with more of amplification and were supported by additional proof.

While the facts were in many respects the same as appeared upon the first application, yet they were so far changed as in all substantial respects to constitute the motion an original application. No question could, therefore, arise in respect of the order that should be made being in conflict with the decision denying the first application. This removes the question from the domain of being a review of the order previously made. There can be no doubt but that, upon such motion, the judge had before him a perfectly proper application, and one that he was authorized and required to determine. It is also clear that the court was authorized to grant the relief asked. The papers were sufficient for that purpose. A case was, therefore, presented where it became the duty of the court to judicially determine whether the facts presented a proper case for an injunction order to issue.

It was quite evident that all of the questions of which the case permitted could be disposed of and settled with a due regard for the rights of each party in the action which was then pending, and, if the defendants needed the protection of the court in order to compel an observance by the plaintiff of the covenants contained in the agreement, there was little difficulty in procuring such relief upon a proper case. We are not on this appeal called upon to determine the sufficiency of the case as made. It is sufficient now to say that a case was made where the court was authorized in the exercise of a judicial discretion to grant an injunction. This being so, it did not fall within the authority of a court exercising co-ordinate jurisdiction to interfere with the discretion thus exercised. The exercise of such authority is against the settled policy of the law and an orderly course of procedure. We do not deny but that power exists in one court to vacate an order made by a co-ordinate branch of the same court. Fraud and collusion or equivalent conditions may operate in such form as to make such a course proper. ( *Wilson* v. *Barney*, 5 Hun, 257.) The exercise, however, by one judge of authority in

review of the discretion exercised by another, to the extent of vacating the orders and determination of the latter, is of such doubtful propriety as to have been uniformly denied whenever the question has arisen ; it is fraught with consequences that may be serious, imperils the stability of an orderly course of procedure in the administration of justice, and is destructive of the dignity and decorum which should attend upon judicial determination. The review of this question by Mr. Justice DANIELS is comprehensive and salutary. (*People* v. *Nat. Trust Co.*, 31 Hun, 20.)

The order which vacated the order of the learned judge granting the injunction order was, in substance and effect, the result of a review of the case upon which the judge had exercised his discretionary power. So far as there was change in the proof, it did not operate to change this result. The affidavit setting forth a declaration alleged to have been made by the plaintiff to use the injunction for an improper purpose was quite insufficient upon which to base the order that was made, whether made before or after the injunction was granted. The court had the control of its orders, and it may be safely assumed that its injunctions will not be used for an improper purpose, whatever be the declaration of a party. The right is not affected thereby, if a case exist for the relief asked. If orders are improvidently or improperly made, resort must be had to the usual course of procedure to correct the error, and appellate tribunals are created for that purpose.

The second order required the plaintiff to execute a bond conditioned to pay any indebtedness that might be established in any action or proceeding brought by the defendants against him, or be prohibited from moving or selling any sand. This was quite a sweeping requirement, as it did not limit the plaintiff's liability for any amount found due, which was the subject of this controversy, or which arose out of or was connected with it. In terms it covers any liability for any cause which might be established. There existed no authority in the court to exact such a bond, as no such bond is authorized by law. But it does not follow from all that has preceded that the learned justice was without right to exercise any power in the premises. In the notice of motion asking that the injunction be vacated the defendant also asked that the plaintiff be required to give adequate security in the premises. This application

was not only proper, but was an essential requisite in order to properly protect the defendants in their rights. The injunction order left the plaintiff at liberty to continue the removal and disposition of the sand, and for this privilege the defendants were entitled to security by way of indemnity for the damage which might be sustained in this regard pending the action. The granting of this relief in no wise interfered with any determination which was made when the injunction order was granted. While the order as made in this regard is broader than anything to which the defendants showed themselves entitled, yet to some extent relief in this direction is proper. The affidavits upon the part of the defendants tend to establish that there may exist a considerable indebtedness for sand and other personal property, the former of which the plaintiff may remove and sell, and the latter of which he has a right of use. We think, therefore, that, in addition to the usual undertaking upon obtaining an injunction which the plaintiff has given, he should furnish to the defendants as additional security an undertaking, with sufficient surety, to be approved by a justice of the Supreme Court, in the sum of $2,000. This undertaking must be conditioned to secure the payment by the plaintiff of any sums for sand or other charge which may arise by reason of his continued occupation of the premises pending the action. The second order, modifying and vacating the first injunction order, must also be reversed, for the reasons already stated.

The orders vacating the injunction should be reversed, with ten dollars costs and disbursements of this appeal.

The order restraining the plaintiff for failure to execute a bond should be modified in accordance with this opinion, and until the execution, approval and filing of said undertaking the injunction order granted to the plaintiff should remain inoperative.

All concurred.

Order resettled by the court, of its own motion, by adding thereto, "and until the execution, approval and filing of said undertaking, the injunction order heretofore granted by Mr. Justice DYKMAN is in all respects suspended, and shall be inoperative."