MAUD CRUIKSHANK, Appellant, *v.* WILLIAM J. CRUIKSHANK, Respondent.

*Bill of particulars — that part of an order, excluding proof of allegations as to which particulars are not given, may be modified to prevent oppression.*

Where a bill of particulars is directed to be served, and a failure to comply with the order is attended with the penalty of precluding the defendant from introducing any evidence or testimony in support of the allegations concerning which he should so make default, the defendant, who has served a bill of particulars, stating that, in certain respects, he was not able to specify or designate the days on which the alleged acts had occurred more specifically than he has previously stated them in his answer, may apply to the judge who granted such order for a modification of the same, and on his obtaining leave from the judge to apply therefor at a Special Term, that court may properly modify the order.

APPEAL by the plaintiff, Maud Cruikshank, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of March, 1898, modifying an order theretofore entered, directing the defendant to serve a bill of particulars.

*Almet R. Latson*, for the appellant.

*W. M. Rosebault*, for the respondent.

HATCH, J.:

Upon an application of the plaintiff the defendant was required to serve a bill of particulars in respect of the allegations contained in his amended and supplemental answer. Such bill of particulars was served, and in certain respects the defendant stated that he was not able to specify or designate more specifically the days on which the alleged acts had occurred than he had previously stated in his answer. The penalty attached for failure to comply with the order directing the service of the bill of particulars was that the defendant should be precluded from introducing any evidence or testimony in support of the allegations concerning which he should make default. After the service of the bill of particulars, in compliance with said order, the defendant applied to the judge who granted such order for a modification of the same, and obtained leave from such judge to apply at a Special Term for such modification of the same as the court might deem just. Upon this order and some additional affidavits, and upon all the papers and proceedings in the case, the plaintiff obtained an order to show cause why the former order should not be modified, returnable at a Special Term on a specified day. Upon the return of this order there were submitted, in connection with the motion to modify, proposed issues, by both parties, for settlement, and thereupon the court made an order modifying the former order of the Special Term in respect of the specific times, places and acts as above referred to, and in addition thereto settled the issues proposed by the parties for such settlement for trial by jury. From this order the plaintiff appeals.

The plaintiff does not complain of this order or seek to review the same, except in so far as it modified the former order.

We feel constrained to hold that the order modifying the previous order was within the power of the court, and that the order as made was a proper exercise of such power. It has been settled by the Court of Appeals that where an order requiring the service of a bill of particulars is likely to be oppressive upon the party required to furnish the same, he may make an application to the court for a modification. (*Dwight* v. *Germania Life Ins. Co.*, 84 N. Y. 493.) It has never been held, so far as we are able to discover, that a court exercising concurrent jurisdiction was without power to modify or set aside an order previously made, upon new papers or relieve from

an order which has proved oppressive where leave has been given to renew. This question is not one of power, but of practice and orderly procedure. (*Corbin* v. *The Casina Land Co.*, 26 App. Div. 408.) In the present case the judge granting the first order, upon application to him, ordered that the subject-matter embracing the modification of the order asked for, should be presented to a court at Special Term. This was proper and gave the required leave and invested the court hearing the same not only with authority, but with propriety to hear and pass upon such question. The claim was that the order was oppressive. The penalty which had been attached was severe, and prohibited the party from giving proof, unless he could procure a modification of such order. All of the papers and proceedings in the action were before the court. The order to show cause expressly made them a part of it. A case was, therefore, presented in which it was proper for the court at Special Term to make such order as might be just. (*Riggs* v. *Pursell*, 74 N. Y. 370; *Dwight* v. *Germania Life Ins. Co.*, *supra.*) The court upon the last hearing was justified in reaching the conclusion that the defendant had in good faith furnished the plaintiff with all the knowledge of which he was then possessed concerning the matter. In reaching this conclusion it must have determined that to require more, under the circumstances, would be oppressive to the defendant.

So far as the specification in the defendant's bill of particulars is concerned, it seems to be as specific as the first statement contained in the plaintiff's bill, which the defendant is required to meet.

We conclude, therefore, that the order ought to be affirmed.

All concurred.

Order affirmed, without costs.