IGNATZ GUTTENTAG, Appellant, *v.* CLARK J. WHITNEY and FREDERICK C. WHITNEY, Respondents.

*Laches — delay in moving to amend an answer by inserting a defense that a foreign corporation had not a certificate authorizing it to do business in the State of New York.*

A motion by the defendants in an action to amend their answer by setting up the defense that the plaintiff's assignor was a foreign corporation which had not obtained the certificate requisite under the statute to enable it to do business in the State of New York, made for the first time after a judgment,

obtained by the defendants upon a trial, had been reversed by the Appellate Division, should be denied, where it appears that the defendants were aware at the time of the trial that the corporation had not obtained the certificate in question and yet made no motion at that time for leave to amend their answer. HATCH, J., dissented.

APPEAL by the plaintiff, Ignatz Guttentag, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of March, 1903, granting the defendants' motion to serve amended answers.

*Franklin Bien,* for the appellant.

*Alfred Pagelow,* for the respondents.

O'BRIEN, J. :

Julius Bien & Co., a corporation, delivered goods under a contract, for the value of which the plaintiff, to whom the corporation assigned its claim, brought this suit in February, 1902. Issue was joined and the case was placed upon the short cause calendar, and subsequently tried in June, 1902, and there resulted a judgment in favor of the plaintiff. From that judgment the defendants appealed, and for errors committed on the trial in excluding certain evidence this court reversed the judgment and ordered a new trial. Upon the appeal the defendants also raised the point, which they had not pleaded in their answers, that Julius Bien & Co. was a foreign corporation which, they asserted, had not secured the right to do business in this State, because it had failed to obtain the certificate required by law, and hence could not maintain the action. The judgment, however, was reversed on the other ground above stated, and it was, therefore, unnecessary to determine the question as to whether or not the statute (Laws of 1892, chap. 687, § 15, as amd. by Laws of 1901, chap. 538) was a bar.

It is conceded that on the trial the defendants' attorney became aware of the fact that the plaintiff's assignor, Julius Bien & Co., was a foreign corporation which had not obtained the certificate requisite to enable it to do business in this State, and that no motion was made at that time to amend the answers by setting up the statute, and that no steps were taken to interpose such a defense until after the reversal of the judgment by this court.

The old rule under which applications were denied, where the purpose sought was to set up unconscionable defenses by amendments of pleadings, has unquestionably been modified by later cases. Although the purpose of the amendment in the case at bar is to introduce a defense which, assuming the allegations of the complaint to be true, would enable the defendants, after procuring goods from the plaintiff's assignor in pursuance of a contract, to escape having to pay for them under a statute which is drastic in its scope, we would favor the allowance of the amendment had the application therefor been made in time. In view, however, of the fact that upon the trial the defendants knew that the plaintiff's assignor was a foreign corporation which had not complied with the statute, their failure then to move for an amendment of their answers, or to take any steps until after the judgment in their favor was reversed by this court, should have led the court below to deny the application to amend.

The order, accordingly, should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred; HATCH, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.