(89 App. Div. 14.)

WILCOX et al. v. STERN.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. WITNESSES—COMMISSIONS TO TAKE TESTIMONY—MOTION—DISPOSAL.
    Where the moving papers for a commission to take testimony were sufficient as to defendant, but as to the other witnesses the names were fictitious, and no facts were stated in the papers showing that the examination of any other person than defendant was necessary or material to the issues, the motion should be disposed of solely on defendant's right to have his testimony taken.

2. SAME—STIPULATIONS—EFFECT.
    In an action for breach of contract, where the contract consisted of a letter of offer and acceptance, which acceptance defendant attempted to revoke by cable, a motion was made for the issuance of a commission to take defendant's testimony. On the hearing of this motion plaintiff stipulated to produce on the trial all the original letters and the cablegram received from defendant, and stipulated that annexed to his papers on the motion was a true copy of all the correspondence between the parties. The date of the cablegram in relation to the letters also appeared, and it was not claimed that there was any ambiguity in the contract, so that the question presented became practically one of law. Held, that the motion was properly denied.

3. SAME—LACHES.
    The issuance of a commission to take testimony was properly denied on the ground of laches, where, by stipulation of plaintiff, defendant had an opportunity during the whole summer to have his testimony taken by open commission, but took no steps in the matter until plaintiff had regularly moved and noticed the cause on the calendar in October.

Appeal from Special Term.

Action by Paul Wilcox and others against Max Stern. From an order denying a motion for the issuance of a commission to take testimony, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Robert Goeller, for appellant.

Henry Brill, for respondents.

HATCH, J. The parties to this action entered into a written contract which gave to the plaintiffs the sole and exclusive right to sell a certain patent within a given date and at a specified minimum price. If the sale was made by the plaintiffs during that period, they became entitled to receive one-fourth of the proceeds of the sale, and in any event upon a sale they were to receive the sum of $1,700. The contract was in the form of a letter written by the plaintiffs to the defendant, and sent to the latter in Germany, where it was received by him. Under date of December 30, 1902, the defendant by letter confirmed the receipt of the contract and accepted its terms. This letter was mailed by defendant December 30, 1902, and received by the plaintiffs January 17, 1903. On January 8, 1903, and before the letter of acceptance of the contract had reached the plaintiffs, the defendant made a sale of the patent, and on the last-named date cabled to plaintiffs a cancellation of his letter of acceptance, which cable was received on the same date. A letter from defendant followed this cable, under date of January 9, 1903, reiterat-

ing the cancellation, and giving fuller details of the transaction. This action is brought to recover the $1,750 as damages for a breach of the contract.

The complaint contains two causes of action—one upon a quantum meruit for work, labor, and services performed in and about the carrying out of the contract, and the other to recover damages in a like sum for a breach of the same. The present appeal is to be disposed of upon a consideration alone of the second cause of action, as the plaintiffs upon the argument of the appeal have stipulated to rely upon the second cause of action only. The action was commenced on January 31, 1903, while the defendant was temporarily within this country. Issue was joined therein by the service of an answer on May 9th following. In October, 1903, the plaintiffs moved the cause upon the short-cause calendar for trial, and thereupon the defendant's attorney procured an order to show cause why a commission should not issue to take the testimony of the defendant and two witnesses, named as John Doe and Mary Doe.

The moving papers were in form sufficient as to the defendant to entitle him to the issuance of a commission. As to the other names, they are not only fictitious, but no facts are stated in the moving papers showing that the examination of any other person is necessary or material to the issues joined; consequently the motion is to be disposed of solely upon the right of the defendant to have his testimony taken. Lazarus v. Schroder, 49 App. Div. 393, 63 N. Y. Supp. 204.

The plaintiffs in the opposing affidavits show that the defendant's attorney informed them in the spring of 1903 that he was intending to apply for a commission to take the testimony of the defendant in Berlin. Thereupon one of the plaintiffs informed him that he would agree to an open, oral, commission, to be executed in the summer in Berlin, as one of his legal friends would be in that city at that time, and would attend upon the examination, and the defendant could be orally examined under an open commission. Nothing came of this proposition, and the defendant's attorneys permitted the matter to rest, and made no move to procure a commission until the case was moved upon the short-cause calendar in October, when the order to show cause was procured, and with it an injunctive order staying the plaintiffs from proceeding with the case until the determination of that motion. When the motion came on to be heard, the plaintiffs stipulated to produce upon the trial all of the original letters and the cablegram received from the defendant, and further stipulated that annexed to the papers upon the motion was a full, true, and correct copy of all of the correspondence between the parties, by letter or otherwise, and that the respective letters and cablegram were mailed and received at the times specified. By virtue of this stipulation the defendant became entitled to have the whole of the correspondence received in evidence and considered as a part of his defense. It appears from such correspondence that the cablegram canceling the letter of acceptance of the contract was sent by the defendant and received by the plaintiffs before the acceptance of the letter of confirmation. It is not pretended that there is any

ambiguity in the contract, and as the acts of the parties are all disclosed, and consisted of the several writings, the rights of the plaintiffs upon the one part and of the defendant upon the other became practical questions of law, and especially so when there is eliminated from the issues the first cause of action as stated in the complaint. The learned court below concluded, therefore, that the stipulations protected all of the defendant's rights, and consequently denied the motion. We think the determination was proper. While it is true that a commission is usually granted as matter of course, yet, where it appears that the party may have the benefit of all of the facts which the issues between the parties permit, there is no basis for the issuance of a commission, as no further evidence bearing upon the issues will be developed therefrom. But, in addition to this, we think the application was properly denied for laches. The defendant had full opportunity to have his testimony taken by open commission in the summer of 1903 by the stipulation of the plaintiffs. He did not avail himself of such offer, but lay quietly by until the defendant had regularly noticed and moved the cause upon the calendar, and then procured the order, and stayed the plaintiffs' proceedings. Under the circumstances of this case, we think this was such laches as justified a denial of the motion.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.