It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(89 App. Div. 76.)

A. & S. HENRY & CO., Limited, v. TALCOTT.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PLEADING—AMENDMENT—LEAVE—DISCONTINUANCE OF CROSS-ACTION.
    Plaintiff, a foreign corporation, instituted an action to recover for goods. Defendant, after answer and the taking of testimony in England, shortly before the trial moved for leave to amend his answer by setting up a new counterclaim. The motion was denied, for laches. Judgment for plaintiff on appeal was reversed, and a new trial awarded. Shortly after the denial of the motion to amend, defendant commenced an action against plaintiff on his alleged counterclaims, including the one he had omitted in his answer. The case was never tried. *Held,* that defendant, after the reversal of the judgment rendered against him, was not entitled to discontinue his action against plaintiff, and to amend his answer by setting up the omitted counterclaim and defenses waived on the first trial.

2. SAME—AFFIDAVIT OF ATTORNEY.
    On an application for leave to amend an answer on the ground that when the answer was made a defense was unknown to defendant, the affidavit of the attorney, who had no personal knowledge of the facts, could not be accepted in lieu of the affidavit of the party.

3. CONSOLIDATION OF ACTIONS—GROUNDS—SUFFICIENCY.
    The mere pendency of an action by defendant against plaintiff involving a matter constituting a counterclaim in plaintiff's action is not sufficient to authorize the consolidation of the actions, but it must be shown that the counterclaim, as a defense, was availed of by defendant at the first opportunity.

Appeal from Special Term, New York County.

Action by A. & S. Henry & Company, Limited, against James Talcott. From so much of an order as allows defendant to amend his answer and to discontinue an action commenced against plaintiff, plaintiff appeals; and from so much of the order as imposes terms, defendant appeals. Reversed on plaintiff's appeal.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Harold Nathan, for plaintiff.

Frederic R. Kellogg, for defendant.

HATCH, J. The case of A. & S. Henry & Co., Limited, against Talcott, was commenced in January, 1898. The plaintiff therein is an English corporation, and the action is brought to recover for goods sold and delivered. There does not seem to be any controversy over the fact of the delivery of the goods; the defense being rested mainly upon counterclaims alleging a breach of warranty in the sale of the goods, causing damage to the defendant, and also that the goods were delivered after the time provided for in the contract, and that serious damage arose therefrom. With respect to the defenses and the counterclaims, a bill of particulars was served, from which it appears that the matters forming a basis therefor con-

tain about 600 different items. After service of this bill of particu-
lars, testimony of 13 witnesses was taken in England relating to
the matters in issue, under a commission issued for that purpose. In
April, 1901, shortly before the cause was reached for trial, defendant
claimed to have discovered a counterclaim based upon an entire fail-
ure to deliver at any time a large quantity of goods which had been
ordered by the defendant, and the order accepted by the plaintiff.
Thereupon the defendant moved for leave to amend his answer by
setting up such counterclaim. The motion was denied by the court
at Special Term upon the ground of laches. Thereafter the case
was tried, and resulted in a verdict directed by the court for the
full amount of the plaintiff's claim. Judgment was entered thereon,
from which an appeal was taken to the Appellate Division, where
the same was affirmed without opinion. 71 App. Div. 616, 76 N. Y.
Supp. 1032. The defendant thereupon appealed to the Court of Ap-
peals, where the judgment was reversed, and a new trial granted,
based upon the ground that the case presented a question for the
jury. 175 N. Y. 385, 67 N. E. 617. Shortly after defendant's mo-
tion to amend his answer had been denied, he commenced an action
against the plaintiff upon his alleged counterclaims, including the
counterclaim that he had omitted to set up in his answer in the first
action. Issue was joined therein by the service of an answer, and
the case has been pending since January, 1902, but has never been
tried. About two months after the entry of the judgment of re-
versal by the Court of Appeals in the first action, the defendant
again moved for leave to amend his answer therein by setting up the
omitted counterclaim, and also for leave to discontinue the suit
brought by him against the plaintiff herein. The court below grant-
ed the motion upon terms. From so much of the order as allows
the amendment of the answer and the discontinuance of the second
action, the plaintiff herein appeals; and from so much of the order
as imposes terms, defendant Talcott appeals.

We are of opinion that the motion should not have been granted.
It seeks indirectly to do what has once been denied, viz., to amend
the answer in the first action. This was denied upon the ground
that the defendant had been guilty of such laches as ought to de-
feat it. If the present order be permitted to stand, the defendant
will succeed in doing indirectly what the court refused to permit him
to do in the first instance. In making the motion which resulted
in this order, the defendant waited for practically two months after
the decision of the Court of Appeals, and until the time for trial
was again approaching. The proposed answer renews two defenses
which upon the former trial were waived by the defendant—one,
that the plaintiff, by reason of being a foreign corporation, has not
standing to sue in the courts of this state, owing to its failure to
comply with the laws of this state; and the other, a claim for ex-
cessive duties paid by the defendant; and the answer seeks to vary
the terms of the contract in respect to the price at which specific
goods were to be sold. Certainly the defendant ought not at this
time to be permitted to vary the terms of his contract, or inject into
the case any new issues which will require the plaintiff to make addi-

tional preparation for its defense. The plaintiff is now prepared for trial upon the issues as they stood before the motion was granted. If the new issues are now permitted to be brought in, it may very well be that additional testimony in England will be required to be taken, and the plaintiff may be delayed in bringing its action to trial, which, after this long delay, it is entitled to have promptly disposed of. The defendant Talcott is not shorn of any rights of which he is possessed to make available his rights under the counterclaims. All of his interests thereunder are protected in the action which he has brought, and, while oftentimes a consolidation of actions may be desirable where the issues may all be disposed of in one, yet, under the circumstances of this case, where there has been a trial, and where the application of the defendant has been previously denied by reason of his neglect, we think it ought not to be granted, especially where new defenses are sought to be interposed.

In addition to this, we think the moving affidavit is defective in being made by the attorney in the case, instead of by the party. Certainly the attorney cannot have personal knowledge of the bookkeeper's error, or of his failure to bring such error to the attention of the defendant. This omission of the party to make the affidavit is fatal to the defendant's motion, if it contain averments of a material matter. Mut. Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112. The mere pendency of an action involving this counterclaim is not sufficient per se to authorize the consolidation, but it must be made to appear that the counterclaim, as a defense, was availed of by the defendant at the first opportunity, and of this fact there is no proof. From all that does appear it may well be that the existence of the counterclaim was within the knowledge of the defendant at the time when he served his original answer. The attorney shows no facts and circumstances from which it may be inferred that he had knowledge of the time when the discovery of the error of the bookkeeper occurred, or when it was called to the attention of the defendant. The mere commencement of the action upon the counterclaim does not furnish right at a subsequent time to interpose it as a defense. Proof of the essential facts upon which to base the discretionary power of the court must be made under such circumstances, as well as though no action were pending and the application were an original one. We are of opinion that the issues involved in the controversy between the parties are not furthered in their settlement by this amendment, or by consolidating the actions, and that the plaintiff should be left at liberty to bring its present action to a speedy trial, unimpaired by changing the conditions and issues which this amendment will produce.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements to plaintiff, and the motion denied, with $10 costs. All concur.