(45 Misc. Rep. 268.)

## TREADWELL v. CLARK et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. PLEADING—AMENDMENT AFTER REVERSAL.
    Where, after a trial and reversal, a case has been placed on the day calendar for a second trial, defendants will not be permitted to amend their answer by denying an allegation of the complaint admitted by the original answer.

2. SAME—MOVING AFFIDAVIT.
    On a motion to amend a pleading, the moving affidavit must be made by the party, and not by his attorney.

Action by George A. Treadwell against William A. Clark and others. Motion by defendants for leave to amend their answers. Denied.

Walter S. Logan, for plaintiff.
Atwater & Cruikshank, for defendants.

CLARKE, J. Defendants move for leave to amend their answers so as to deny the plaintiff's alleged residence in this state, and to plead the statute of limitations of the state of Montana, and want of jurisdiction in this court. The plaintiff alleges in his complaint, verified in November, 1899, that he is a resident of the state of New York. Issue was joined in December, 1899, by service of defendants' answers, in which, by not denying, they admit, that plaintiff was a resident of New York. The case was tried in June, 1901, and in May, 1902, the Appellate Division (77 N. Y. Supp. 350) ordered a new trial. In October, 1904, the case was on the call calendar, and is now on the day calendar for its second trial. Except under extraordinary circumstances, an amendment permitting defendants to deny what has previously been admitted, after trial and reversal, and when the case has been placed on the day calendar for a second trial, will be denied on the ground of laches. Henry & Co., Lim., v. Talcott, 89 App. Div. 76, 85 N. Y. Supp. 98; Goldberg v. Goldstein, 87 App. Div. 516, 84 N. Y. Supp. 782; Diehl v. Robinson, 35 Misc. Rep. 234, 71 N. Y. Supp. 752. It is alleged in the moving papers, upon information and belief, that "there was not at any time prior to the last few days in the possession of any of the defendants, or available to them, the necessary information in regard to the residence of the plaintiff to enable them to raise an issue on that question," viz., the plaintiff's residence. In another affidavit it is alleged:

"From what I know about this case, I am able to state, upon information and belief, that neither Mr. Cruikshank, nor any one else in this office, was aware or supposed that plaintiff was not a resident of the state of New York at the time claimed by him, namely, in 1893 and 1899, until within the last few days; and it was only yesterday that we both came to the conclusion, from the information which we had obtained within the last few days, putting it all together, that it was probable that said Treadwell was not a resident of this state at the time mentioned by him."

In the answering affidavits it is stated that in June, 1901, when this case was tried, the plaintiff was examined and cross-examined as to his residence from the year 1884 to the time of trial, and again examined on the same subject in April, 1902, in a suit brought by him against two of the defendants herein, and in which the same attorneys were en-

gaged for the defendants. On such examinations it appeared that plaintiff was at the times claimed by him a resident of New York state. In January, 1900, the vice president of the defendant company, who now alleges on the moving affidavit on this motion that he has no knowledge or information sufficient to enable him to say where the residence of the plaintiff was during the years 1893 and 1899, stated in an affidavit offered in evidence that plaintiff resided in New York. The plaintiff, in his answering affidavit on this motion, sets forth in detail the places and time of his residence in this state, and affirms his allegations of residence contained in his complaint, and alleges that the facts in regard to his residence were well known to the defendants Clark and MacDonald and their attorneys as early as June, 1901, when this action was first tried. These facts show that the question of plaintiff's residence was long since raised, and the defendants have had ample opportunity to pursue the inquiry. They failed to show nonresidence then, or to move for an amendment of their answers, or to take any steps until after reversal of the judgment in their favor. Now, when the case is upon the day calendar, the defendants will not be permitted to amend their answers by alleging new matter, and thereby change the issues, and put the plaintiff to additional labor in preparation for trial. Guttentag v. Whitney, 82 App. Div. 145, 81 N. Y. Supp. 701. The defendants must show facts excusing the delay in making the motion to amend. This they have failed to do. The only excuse for the delay is a statement in the affidavit of defendants' attorney that the defendants did not learn the facts until shortly before the motion was made. In Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649, the precise point was determined; the appellate court affirming an order denying a motion to amend a reply on the ground that such affidavit of the attorney was insufficient. It has frequently been held on motions to amend pleadings that the moving affidavit must be made by the party, and not by his attorney, as it is the party's knowledge, and not that of his attorney, which is material. Henry & Co., Lim., v. Talcott, 89 App. Div. 76, 85 N. Y. Supp. 98; Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112; Tompkins v. Continental Bank, 71 App. Div. 330, 75 N. Y. Supp. 1099; Rodgers v. Clement, 54 App. Div. 192, 66 N. Y. Supp. 593. In this case no affidavit is made by Clark, the principal defendant. His attorney states in his affidavit:

"The defendant Clark being in Montana, and not being expected here for several weeks, I cannot get him to make an affidavit in time for this motion."

In the case last cited the court said:

"But when a solemn admission appears in the pleading, and upon that admission a cause has been tried and passed upon on appeal by the court of last resort, before the issues or the conceded facts are changed, the court is entitled to the oath of the party in whose behalf the change is sought, or a sufficient reason for not furnishing it should be shown. Here the attorney says merely that he is informed and believes his client is absent from the city. That is utterly insufficient."

Motion denied, with $10 costs.