(49 Misc. Rep. 601.)

McGORIE v. McADOO, Police Commissioner.

(Supreme Court, Special Term, New York County. February, 1906.)

1. INJUNCTION—ENFORCEMENT OF CRIMINAL LAW.

Equity will not interfere to prevent the enforcement of the criminal law.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 178.]

2. SAME.

Where plaintiff sued to restrain the police officials of a city from maintaining a post of officers on his premises for the purpose of discovering or preventing gambling therein, an injunction to restrain such action will be vacated as improperly granted.

3. SAME—MOTION TO VACATE.

Where after an order of injunction was granted the case was removed from one county to another, and the time to appeal from the order of injunction has expired, it is unnecessary, before moving in the Special Term of the court to vacate the injunction, to obtain leave to make such motion from the court which granted the injunction.

Action by one McGorie against William McAdoo, police commissioner. Motion for an order vacating an injunction pendente lite. Vacation granted.

Reversed on appeal, 99 N. Y. Supp. 47.

John J. Delany, Corp. Counsel, for defendant.

BLANCHARD, J. This is a motion for an order vacating, on the merits, an injunction pendente lite heretofore granted in this action. The action was brought in Kings county to restrain the police commissioner and other police officials of New York City from maintaining a post of officers upon the plaintiff's premises in Forty-Second street, borough of Manhattan, and in the hallways leading to said premises, for the purpose of discovering or preventing gambling and pool selling therein. An injunction was granted allowing pendente lite the relief asked in the complaint. No appeal from the temporary order of injunction was taken, and the action was subsequently removed to New York county. Since said order was made the Court of Appeals has held in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, that equity will not interfere to prevent the enforcement of the criminal law. In that case the police were stationed outside of a place which had a liquor tax license, and which they suspected of being a disorderly house, and likely to be raided as such. Pending an action for a permanent injunction against such acts, the plaintiff therein obtained a temporary restraining order. This order was reversed by the Court of Appeals. After referring to the duties of the police, as prescribed in section 315 of the Greater New York Charter (Laws 1897, p. 113, c. 378), and stating that the legality of the acts of the police "should not be determined in a court of equity upon affidavits, but in a court of law, and by evidence that is tested and scrutinized according to the settled rule," the court continues:

"If equity will not intervene in behalf of a concededly lawful business of a fixed and unchanging character to prevent the criminal prosecution of some alleged unlawful act in its conduct, how can such intervention be justified in a case where the business itself, even when lawfully conducted, exists

by mere sufferance of law, or where it is of such a character that it may be lawful or unlawful at the will of him who conducts it? Such a situation as is presented in the case at bar is one which, in its very nature, cannot be adequately dealt with by a court of equity. What might be a trespass at one instant of time might be a perfectly justifiable and necessary act at another. * * * The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law. If the plaintiff has been oppressed and injured by any unlawful act of the defendant, he may invoke the Penal Code (section 556), or he may have an action at law for his damages."

Upon the rule thus laid down it seems that the temporary injunction under consideration was improperly granted. If facts similar to those in the present case were to-day presented to the learned court that made this injunction, it is most unlikely, in view of the decision already quoted, that such an injunction would be made. The defendant cannot with propriety return to the learned judge who made the injunction, for the purpose of asking it to be vacated, because the venue of the action has been changed to this county. The defendant cannot appeal from the order of injunction, because the time to appeal has lapsed. Except in the cases enumerated in sections 626–630 of the Code of Civil Procedure, it is manifestly improper in ordinary cases for this court at Special Term to vacate an order previously made by another judge at Special Term. Such a practice would tend to confuse, and is not authorized by any express provision of the Code. Hallgarten v. Eckert, 1 Hun, 117; Kamp v. Kamp, 59 N. Y. 212, 215; Fisher v. Hepburn, 48 N. Y. 41, 53. Power so to vacate an order has been recognized to exist, however, in co-ordinate branches of the same court, and fraud and collusion in obtaining the original order are said to be good ground for exercising such power. Corbin v. Casino Land Co., 26 App. Div. 408, 410, 49 N. Y. Supp. 929. Independent of the express provisions of the Code, moreover, the right to apply to the judge who made the order for a reconsideration thereof, because of an erroneous excess of authority included within its directions, has been recognized when the judge is still presiding in the same court. People v. National Trust Co., 31 Hun, 20, 27. Similarly, it has been held that if the judge who made the original order subsequently grants leave to apply to Special Term for a modification, the court may properly grant the modification. Cruikshank v. Cruikshank, 30 App. Div. 381, 51 N. Y. Supp. 926. Since the present action has been removed from that branch of this court where the action was begun, it seems that application to that branch for leave to make the present motion is unnecessary, and that this court may, without impropriety, determine the present motion. The injunction pendente lite is therefore vacated.

Injunction pendente lite vacated.