(117 App. Div. 251)

### HASKELL v. MORAN.

(Supreme Court, Appellate Division, First Department. January, 25, 1907.)

1. MOTIONS—ORDERS—CONCLUSIVENESS.

Except in cases of provisional remedies, regulated by special provisions of the Code, a motion, once made on notice and denied by the court, cannot be renewed without leave of court, either on the same papers, or additional facts existing at the time the prior motion was made, or on substantially the same facts; but a motion based on facts subsequently arising, or on the ground that the former order was obtained by fraud, may be made as a matter of right without leave of court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, §§ 53–55.]

2. SAME.

An action for goods sold to a firm was brought against the administratrix of a deceased partner, without joining the copartner. After issue joined plaintiff moved for leave to amend by bringing in the copartner. The motion was denied, without leave to renew. Thereafter plaintiff served an amended complaint, to which defendant demurred for defect of parties. Held, that a subsequent motion for leave to make the copartner a party defendant, being made on substantially the same facts as those which existed when the former motion was denied, was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, §§ 53–55.]

3. PARTIES — NEW PARTIES DEFENDANT — APPLICATION — AFFIDAVITS — REQUISITES.

On a motion for leave to make a person a party defendant, the excuse offered for not having joined him originally was that when the action was commenced plaintiff could not locate such person and did not know

whether he was alive or dead, but that he subsequently ascertained his address. The affidavit was made by plaintiff's attorney only, without showing that the affidavit of the party could not have been readily obtained. *Held*, that the motion was properly denied, because of the failure to present the affidavit of the party or to give an excuse for omitting it.

Appeal from Special Term, New York County.

Action by James R. Haskell against Lena M. Moran, administratrix of John D. Moran, deceased. From an order of the Special Term, granting leave to plaintiff to amend the summons and amended complaint by adding thereto the name of Ross F. Robertson as a party defendant, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edwin F. Stern, for appellant.
Frank L. Crocker, for respondent.

LAUGHLIN, J.   The action is brought to recover for goods sold and delivered the copartnership firm of Ross F. Robertson & Co., composed of defendant's intestate and said Robertson. The action was commenced on the 21st day of May, 1906, and Robertson was not joined as a party defendant. The defendant answered, and after issue joined the plaintiff moved for leave to serve an amended summons and complaint bringing in Robertson as party defendant. The motion was denied, and the order denying it was entered on the 11th day of October, 1906, which did not give leave to renew. Thereafter the plaintiff, pursuant to an order made on his application and on payment of $25 costs, served an amended complaint, which differed from the original complaint only in that it amplified the allegations with respect to the insolvency of said Robertson. The defendant then, instead of answering the amended complaint as before, demurred thereto upon the ground of a defect of parties, in that said Robertson was not joined. The plaintiff thereupon made the motion which resulted in the order from which the appeal was taken.

The learned counsel for the appellant contends at the outset that the order should be reversed upon the ground either that the court was without jurisdiction to make it or that it was improperly granted; leave to renew the motion not having been obtained. A decision on a motion, is not res adjudicata to the same extent as a judgment. Belmont v. Erie Ry. Co., 52 Barb. 637; Cruikshank v. Cruikshank, 30 App. Div. 381, 51 N. Y. Supp. 926; Riggs et al. v. Pursell et al., 74 N. Y. 370. Although there is jurisdiction, it does not follow that the court may vacate an order previously granted by a court of concurrent jurisdiction. The rule has long been established, and is essential to the administration of justice, that, except in cases of provisional remedies, where special provisions of the Code of Civil Procedure authorize a motion to vacate on the moving papers, and a subsequent motion for the same relief on new affidavits, but of facts previously existing (Hawkins v. Pakas, 44 App. Div. 395, 60 N. Y. Supp. 1108), a motion, once made on notice and denied by the court, may not be renewed without leave of the court, either upon the same papers, or upon additional facts existing at the time the prior motion was made, or upon substantially

the same facts. (Sheehan v. Carvalho, 12 App. Div. 430, 42 N. Y. Supp. 222; Mitchell v. Allen, 12 Wend. 290; Cazneau v. Bryant, 4 Abb. Prac. 402; Hall v. Emmons, 8 Abb. Prac. [N. S.] 451; Cruikshank v. Cruikshank, supra; People ex rel. Platt v. Canvassers, 74 Hun, 179, 26 N. Y. Supp. 345; Klumpp v. Gardner, 44 Hun, 516). A motion, however, based upon facts subsequently arising, or upon the ground that the former order was obtained by fraud or collusion, may be made as matter of right without leave of the court. Burns v. McAdoo (Sup.) 99 N. Y. Supp. 51; Wilson v. Barney, 5 Hun, 257; Belmont v. Erie Ry. Co., supra; Corbin v. Casina Land Co., 26 App. Div. 408, 49 N. Y. Supp. 929; Bank of Havana v. Moore, 5 Hun, 624; Veeder v. Baker, 83 N. Y. 156; Noonan v. N. Y., L. E., etc., Ry. Co., 68 Hun, 387, 22 N. Y. Supp. 860.

This case does not fall within the rule that, where a motion has been denied, another for the same relief may be made without leave of the court, if it is based on facts arising subsequently. The facts upon which the right to amend must rest existed at the time the former motion was made. The plaintiff might and should have joined Robertson originally. In not doing so he took the risk of defeat by inviting the objection that there was a defect of parties defendant. The only material facts which have arisen since the denial of the former motion are that there an answer had been interposed, whereby defendant lost his right to object to the defect of parties defendant, and now a demurrer has been served taking that objection. Those facts would not justify the court in granting the motion. The plaintiff presumably voluntarily and unnecessarily incurred that risk. The excuses for his failure to join Robertson originally and for his apparent laches were the essential facts to be established. The propriety of joining him is manifest. At the time the original motion was made the defendant had answered, and was thereby precluded from raising the objection that there was a defect of parties defendant. It may be, therefore. t this was the ground on which the motion was denied, or it may be that it was owing to the plaintiff's failure to satisfy the court that his omission to sue Robertson originally was excusable. By the interposition of the demurrer, it has now become quite important to the plaintiff to join Robertson; but that fact, I apprehend, standing alone, would not warrant the court in allowing an amendment at this time. When plaintiff brought his action without joining Robertson, he took chances on a demurrer being interposed. The serious consequence, in view of the demurrer, that will follow his failure to obtain leave to join Robertson now, will, of course, be taken into consideration by the court in passing upon the facts presented, tending to excuse his failure to join Robertson originally, but would not alone constitute an excuse therefor. The interposition of the demurrer renders it quite important to the plaintiff that the relief which was denied originally should be granted now, and affords good ground for an application for leave to renew the motion. Talcott v. Burnstine, 13 N. Y. St. Rep. 552. I am therefore of opinion that the second motion was made on substantially the same facts as those existing when the former motion was made and denied, and that therefore leave of the court should have been obtained.

I am also of opinion that the order was erroneously granted upon another ground. The excuse offered for not having joined Robertson originally is that, when the action was commenced, the plaintiff could not locate Robertson and did not know whether he was alive or dead, and that he subsequently ascertained the address of Robertson in one of the Western states. The affidavit is made by the attorney. No affidavit of the client is presented, nor is it shown that it could not have been readily obtained. It is manifest that the attorney was not in a position to make an affidavit as to what his client knew with respect to whether Robertson was alive or dead, or where he was at the time the action was commenced. On principle, therefore, the case falls within the rule that, where a motion is made to amend a pleading, the affidavit of the client must be presented, excusing the omission to have the pleadings framed properly in the first instance. Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112; Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649; Treadwell v. Clark, 45 Misc. Rep. 268, 92 N. Y. Supp. 166.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs, but with leave to apply to the Special Term for leave to renew the former motion, which was denied. All concur.