DE LACY v. KELLY et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. MOTIONS (§ 43*)—RENEWAL—LEAVE OF COURT.

While a motion, once denied at Special Term, may not be renewed on the same papers, nor on additional proof of facts existing at the time the original motion was made, without obtaining leave of court, yet, where the new motion is made on facts which have occurred since the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

making of the former motion, no leave to renew is necessary, and the new motion may be made as a matter of right.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. § 43.*]

2. APPEAL AND ERROR (§ 927*)—PRESUMPTIONS.

On appeal from an order dismissing the complaint for want of prosecution, it must be presumed that the motion was granted on the motion papers; there being no additional papers submitted.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 927.*]

3. EVIDENCE (§ 41*)—JUDICIAL NOTICE—TERM OF COURT.

A court may take judicial notice of its own terms for trials.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 56–60; Dec. Dig. § 41.*]

Appeal from Special Term, Nassau County.

Action by George C. De Lacy against William F. Kelly and others. From an order dismissing the complaint, plaintiff appeals. Reversed.

See, also, 131 N. Y. Supp. 1110.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Harry C. Kayser, for appellant.

Oliver R. Brant, for respondents.

PER CURIAM. This action was brought in Nassau county to compel the specific performance of a contract for the conveyance of real property. On May 25, 1911, an order was made at Special Term in said county dismissing the action for failure on the part of the plaintiff to prosecute the same with due diligence. From that order the plaintiff appeals.

This order was based upon a notice of motion dated February 24, 1911, and on an affidavit of the attorney for the defendant Langevin, dated February 25, 1911. The motion was made returnable on March 6, 1911. In the moving affidavit it is set forth that the action could have been brought on for trial by the plaintiff at the May term, and at the December term, in 1910, and that younger issues were reached and tried in regular order at each of said terms. In opposition to this motion, the plaintiff submitted affidavits tending to excuse the delay in prosecution of the action, and setting up as an additional ground for the denial of the motion that the defendant Langevin had made a similar motion at Special Term in January, 1911, and that an order had been entered thereon in February, 1911, denying said former motion, and that the new motion was made without obtaining leave to renew, and was not made on facts occurring since the making of the former motion, and was therefore an attempt to review, at one Special Term, an order made previously at another Special Term.

[1] While a motion once denied at Special Term may not be renewed on the same papers, nor on additional proof of facts existing at the time the original motion was made, without obtaining leave of court, yet, where the new motion is made on facts which have occurred since the making of the former motion, no leave to renew is necessary, and the new motion may be made as a matter of right.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Haskell v. Moran, 117 App. Div. 251, 252, 102 N. Y. Supp. 388, and cases cited. The order appealed from was granted on that theory, for it recites expressly as follows:

"And it appearing to my satisfaction that a new term of the court has transpired since the making of the motion before Mr. Justice Marean above mentioned, and that the plaintiff has unreasonably neglected to proceed in the action, it is for the reason stated, and no other, on motion * * * ordered that the motion to dismiss the complaint herein for want of prosecution be and the same hereby is granted."

[2, 3] The motion so granted, being based upon a notice dated February 24 and an affidavit verified February 25, 1911, must be deemed to have been decided on the motion papers, there being no additional papers submitted. The defendant's moving papers did not show that there had been any new term of court since the making of the former motion. There had been, however, a new term of court in February, at which the action might have been brought on for trial, and the court was justified in taking judicial cognizance of its own terms for trials. The moving papers, however, do not show sufficiently that the plaintiff neglected unreasonably to proceed to trial at the February term, or that issue had been joined as to all the parties defendant who had appeared in the action. The failure to prosecute at the preceding terms was covered by the order denying the original motion. The motion papers on which the new motion was made were not sufficient to justify the order appealed from.

The order is reversed, with $10 costs and disbursements, and the motion to dismiss the complaint for failure to prosecute is denied, with $10 costs.