VIM ELECTRIC CO., INC., Plaintiff, v. JACK ZARATZKY and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, First District, January 29, 1934.

*Irving Goldenberg*, for the plaintiff.

*Jacob W. Veron*, for the defendants.

SWEEDLER, J.   On this motion for reargument a novel situation is presented.   The plaintiff commenced two actions for the same cause against the same defendants; one was brought in the First District, Manhattan, and the other in the First District, Brooklyn. The reason for this was that there had been a substitution of attorneys, the second attorney not being informed that an action had already been commenced.   The defendants thereupon made a motion to dismiss the Brooklyn action on the ground that there was a prior action pending.   After the hearing of this motion, but before decision was rendered, the plaintiff obtained a discon-

tinuance of the Manhattan action, fifteen dollars costs being imposed. Plaintiff, however, did not inform this court of such discontinuance, and, consequently, defendants' motion to dismiss the Brooklyn action was granted. Thus, both actions have been dismissed. Plaintiff now seeks an order permitting the Brooklyn action to continue.

Fairness and decency dictate that plaintiff's request be granted. Defendants, however, urge the technical objection that " only matter which was presented upon the original motion, but overlooked by the court, can be the basis of reargument." (Citing *Banks* v. *Carter*, 7 Daly, 417.) This rule, I think, is applicable only where permission to reargue is necessary. In the case of *DeLacy* v. *Kelly* (147 App. Div. 37) the Appellate Division, Second Department, held, per CARR, J., that " While a motion once denied at Special Term may not be renewed *on the same papers* nor on additional proof of facts *existing at the time the original motion was made*, without obtaining leave of court, yet where the new motion is made on facts *which have occurred since the making of the former motion*, no leave to renew is necessary, and the new motion may be made as a matter of right. (*Haskell* v. *Moran*, 117 App. Div. 251, 252.) " In the instant case plaintiff's motion is based upon a fact which occurred *after* the hearing of the original motion and before decision was rendered thereon. If such fact had been brought to the court's attention, it would have necessitated a denial of the motion to dismiss. True it is that the action was dismissed because of plaintiff's error, nevertheless, by the discontinuance of the prior action and the imposition of fifteen dollars costs defendants obtained all they were really entitled to. It is rather poor sportsmanship to argue that, " If plaintiff was foolish enough to move to discontinue the prior action after motion to dismiss this action had been made, then it should be the sufferer and not the defendants." I fail to see how the defendants would in any way be prejudiced by permitting the present action to continue on the calendar. The defendants' argument presents the picture of a man laughing at another who had slipped and fallen on an icy street. In administering justice, we may as well answer the argument with the thought so ably expressed by Judge CARDOZO: " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91.)

Motion for reargument is granted. In view of the facts as herein stated, the order heretofore made discontinuing the action in the First District, Brooklyn, is vacated and the case is restored to the calendar. Settle order on notice.