Henry A. Hudson, J.
The defendants, Frank Barry and Marie Leanor Mitchell, in Action No. 4, have moved for summary judgment dismissing the plaintiff’s complaint as to such defendants, pursuant to rule 113 of the Buies of Civil Practice. Action No. 4 was instituted in New York County on or about October 27, 1960. The defendants, Frank Barry and Marie Leanor Mitchell, answered the complaint. Thereafter and on January 4, 1961, these two defendants moved in New York County for summary judgment to dismiss the plaintiff’s complaint in Action No. 4, as against said defendants, pursuant to rule 113 of the Buies of Civil Practice. Such motion was submitted on January 18, 1961 at Special Term, Part I, before Honorable Samuel H. Hoestadter, Justice Presiding. The motion was decided by Justice Hoestadter February 9, 1961 and the order denying such motion, which was entered February 9, 1961, contains the following memorandum:
“ Upon the foregoing papers this motion for summary judgment is denied. The facts alleged in support of the motion are exclusively within the knowledge of the moving party and clearly not within the knowledge of the opponent. (Lyons v. Central Sur. & Ins. Corp., 84 N. Y. S. 2d 25.) Furthermore, there are triable issues of fact.”
*441 The defendants, Frank Barry and Marie Leaner Mitchell, served a notice of appeal from such decision but the moving papers on this application do not set forth the status of such appeal. The plaintiff’s moving papers indicate that nothing has been done in respect to such appeal as far as they are aware. Thereafter, and on February 7, 1961 a motion was made in Supreme Court, Onondaga County by the defendant, the Firemen’s Fund Insurance Company, for an order consolidating Actions Nos. 1 and 2, which had been instituted in Onondaga County, Action No. 3, which had been instituted in Oneida County, and Action No. 4 which had been instituted in New York County and directing a trial of such four actions in Onondaga County. This motion was heard on March 13, 1961 and an order directing the consolidation of such four actions and their trial in Onondaga County granted April 5, 1961. The date of entry of such order has not been furnished.
The present motion was made March 20, 1961 returnable at Special Term in Onondaga County, April 3, 1961. It was subsequently adjourned to May 8, 1961 at which time it was submitted. The moving papers in support of the present motion contain the same statements of fact which were contained in those submitted in support of the motion for identical relief, which was denied by Justice Hofstadteb,, February 9, 1961. In addition to those facts certain additional facts are set forth in respect to the same subject matter. It is quite apparent from an examination of the moving papers on the present application that the facts which are set forth therein and which are stated to be additional facts to those submitted upon the application denied by Justice Hofstadteb, were, or should have been, clearly within the knowledge of the persons making the affidavits at the time of the first application so that they do not constitute new matter which has been discovered since the denial of the first application.
It is urged by the moving defendants that in view of the additional facts which are set forth, that an entirely different application is being made to the court than that which was made before Justice Hofstadteb. With this contention the court cannot agree. In the first place, the additional information submitted on the instant application would constitute only additional proof that the moving defendants had effectively resigned as officers and directors of the defendant, Central New York Contracting Company, Inc., and had no relation or connection with such corporate defendant at the time of the incurring of the obligations for which the plaintiff in Action No. 4 recovered judgment against the defendant corporation. Even if such *442 additional facts could be considered to establish that the moving defendants had effectively resigned as such officers and directors, such facts would not justify a consideration of a different motion for summary judgment from the one already determined by Justice Hoestadter. (Tripp, Guide to Motion Practice [Eev. ed.], p. 291, § 97 — Note 9; Tripp, Guide to Motion Practice [Gum. Supp., 1949-1955], p. 239, Note 9[b]; Matter of Whalen v. Corsi, 4 A D 2d 734.)
In Haskell v. Moran (117 App. Div. 251, 252) Justice Laughliit, writing for the court, stated: 1 ‘ The rule has long been established and is essential to the administration of justice that, * * * a motion once made on notice and denied by the court may not be renewed without leave of the court, either upon the same papers or upon additional facts existing at the time the prior motion was made or upon substantially the same facts.” Inasmuch as it is not suggested that any of the additional facts which have been submitted upon the present application, were not within the knowledge of the moving defendants at the time of the application before Justice Hoestadter, I am of the opinion that the moving defendants have no right under the authorities to make a subsequent application following the denial of the previous motion by Justice Hoestadter, unless an application for permission so to do were first made.
The moving defendants, however, are faced with a further obstacle to the present application and that is, the decision of Justice Hoestadter not only determined the. facts alleged in support of the motion to be exclusively within the knowledge of the moving parties but also, that there were triable issues of fact in the action. What those triable issues were, Justice Hoestadter did not specify.
In my opinion, an application for permission to renew or reargue the original motion, which was denied by Justice Hoestadter, or for a rehearing thereof, would have to be made to Justice Hoestadter himself.
It is urged by the moving defendants that inasmuch as Actions Nos. 1, 2, 3 and 4 have now been consolidated and removed to Onondaga County for trial, that this motion is properly made in Onondaga County. The difficulty with this contention is that at the time this motion was made, no order had been signed or entered, it being conceded by defendants’ counsel in their brief, which was prepared on April 5 or 6, that no order of consolidation had as yet been entered. Even if the order of consolidation had been entered, the application, in my opinion, should have been made to Justice Hoestadter.
*443 It is urged by the plaintiff that this court should not entertain the present motion for summary judgment for the reason that the motion decided by Justice Hoestadter, on February 9, 1961, was in fact an identical motion and that the moving defendants were not entitled to move before the Special Term of Supreme Court in Onondaga County to obtain the same relief which they had been denied by the' Special Term of Supreme Court in New York County. I am of the opinion that this contention is correct and that this court should not and in fact cannot entertain this motion on the merits. The effect of a granting of this motion would be for this court to reverse the determination of Justice Hoestadter. If this court were to deny the motion, two separate appeals could be outstanding in two separate Departments of the Appellate Division, arising out of the same facts and circumstances. (Civ. Prac. Act, § 118; Haskell v. Moran, supra.)
In Platt v. New York & Sea Beach Ry. Co. (170 N. Y. 451) at page 458, the court stated: ‘1 The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order.”
See Heischober v. Polishook (152 App. Div. 193) wherein the court stated, at page 194: “ The record shows that a similar motion for the same relief had been previously denied at a Special Term held by another justice. The practice cannot be sanctioned * * * and the order must be reversed for this reason.”
In Mutual Life Ins. Co. of N. Y. v. 160 East 72nd St. Corp. (272 App. Div. 48) the court stated at page 49: “A motion for the same relief having been made * * * Special Term properly declined to entertain jurisdiction of this motion, in the absence of special circumstances, without leave of the justice or of a court held by the same justice who denied the former motion.”
For the reasons above stated, this court will not consider the merits of this application and will deny the moving defendants’ motion for summary judgment, with $10 costs, without prejudice, however, to any right of the moving defendants to apply to the Honorable Samuel H. Hoestadter, Justice of the Supreme Court, New York County, First District, for permission to reargue, rehear or permit a renewal of the motion for summary judgment which he denied February 9, 1961.